UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKY LYNN HARRIS,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

Case No. 2:18-cv-11042

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING OBJECTIONS [30], ADOPTING
REPORT AND RECOMMENDATION [29], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

      The Commissioner of the Social Security Administration ("SSA") denied the application of Vicky Lynn Harris for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). After the SSA Appeals Council declined to review the ruling, Harris appealed. ECF 1. The Court referred the matter to Magistrate Judge R. Steven Whalen, and the parties filed cross-motions for summary judgment. ECF 3, 13, 14. The magistrate judge issued a Report and Recommendation ("Report") advising the Court to deny Harris's motion and grant the Commissioner's motion. ECF 29. Harris filed timely objections to the Report. ECF 30. After examining the record and considering Harris's objections de novo, the Court concludes that her arguments lack merit. The Court will therefore

overrule the objections, adopt the Report, deny Harris's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Harris's action against the Commissioner. ECF 29, PgID 1070–79. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner of Social Security may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys. – Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Harris raises two objections. The Court will address each in turn.

I. <u>Dr. Magnatta's Opinions</u>

First, Harris objects to the magistrate judge's recommendation "that the ALJ cited acceptable reasons for rejecting the opinions of Plaintiff's long-time treating physician, Dr. Magnatta." ECF 30, PgID 1098. Harris argues that the Report "is incorrect that the ALJ's rejection of [Dr.] Magnatta's opinions is well-supported, when in fact, the medical evidence of record was consistent with Dr. Magnatta's opinions." *Id.* at 1104. Harris largely rehashes arguments she made regarding the ALJ's opinion and takes issue with the Report because it upholds the ALJ's opinion. *See id.* at 1098–1104. "Objections that are merely recitations of the identical arguments that were before the magistrate judge do not constitute specific written objections to the

3

proposed findings and recommendations," and the Court is therefore "not obligated to address" such objections. *England v. Comm'r of Soc. Sec.*, No. 15-12818, 2016 WL 5939288, at *3 (E.D. Mich. Oct. 13, 2016) (internal quotations and citations omitted).

Harris does, however, present a few specific objections to the Report that do not merely rehash her summary judgment argument. Her first specific objection is that the magistrate judge's characterization of the results of her electromyography and electrodiagnosis study ("EMG") "as mild isolated membrane irritabilities . . . misstates the evidence." ECF 30, PgID 1102. Harris argues that the magistrate judge misstates the evidence because "the study did show 'bilateral posterior primary rami compromise secondary to degenerative changes of the lumbosacral spine.'" *Id.* (quoting ECF 11-10, PgID 660). But the magistrate judge did not misstate the evidence. The EMG results state: "The examination demonstrated mild muscle membrane irritabilities isolated in the bilateral lower lumbosacral paraspinals without any electromyographic abnormality noted in either the right or left lower extremity." ECF 11-10, PgID 660. The attached comments explain that "[t]he above noted electrodiagnostic abnormality is consistent with isolated bilateral posterior primary rami compromise secondary to degenerative changes of the lumbar spine." *Id.* It is therefore the "mild muscle membrane irritabilities" that the magistrate judge referenced that Dr. Tashjan, who wrote the EMG report, found consistent with the "bilateral posterior rami compromise" that Harris mentions. The magistrate judge accurately stated the EMG report's findings.

Harris's second specific objection is that the magistrate judge repeated the ALJ's mistake of failing to address the special consideration merited by a treating physician's opinion because "treating physicians have unique perspectives about the medical evidence beyond the objective clinical findings alone." ECF 30, PgID 1102–03. But the magistrate judge correctly stated the law—that a well-supported opinion of a treating physician "must be given controlling weight," but that the ALJ may reject an opinion of a treating physician that is contradicted by substantial evidence if he provides good reasons for rejecting the opinion. ECF 29, PgID 1081–82 (quoting *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546[1] (6th Cir. 2004); citing *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391–92 (6th Cir. 2004)). The magistrate judge then addressed the limitations of Dr. Magnatta's opinions and the substantial evidence—the EMG report, the clinical signs reported in Harris's mental health records, and Dr. Magnatta's own recommendations to Harris in the treating records. ECF 29, PgID 1083. And Harris's further challenge to two of the pieces of evidence that the magistrate judge cited as contradicting Dr. Magnatta's opinions is unpersuasive.

Harris takes issue with the magistrate judge's characterization of Dr. Adam McKenzie's findings as "wholly unremarkable," arguing that "[t]he one-time consultant report is the only other medical record regarding Plaintiff's physical condition." ECF 30, PgID 1103. But Harris admits Dr. McKenzie "did not report

---

[1] The Report cites page 547 of *Wilson*, but the proposition and language is actually located on page 546.

abnormalities regarding the spine" and only reported "moderate loss of her activities of daily living" from her arthritis in her hips and left elbow. *Id.* (quoting ECF 11-7, PgID 356). And Harris does not further explain what she would have the magistrate judge do differently regarding Dr. McKenzie's report. The magistrate judge's conclusion that Dr. McKenzie's report—which notes that Harris "exhibited a normal gait" and "was able to tolerate all activities asked of her [during the examination] without difficulty," including "no difficulty getting on and off the examination table and no difficulty heel and toe walking"—"fail to support a finding of disability" is correct. ECF 11-7, PgID 355–56; ECF 29, PgID 1083.

Harris also takes issue with the magistrate judge's reference to "mental health records noting a normal gait and unremarkable physical appearance" as one piece of evidence contradicting "Plaintiff's claim that she experienced severe physical restriction." ECF 29, PgID 1082–83. But even if the references are "infrequent" or "incidental," they are just one of several pieces of evidence contradicting Dr. Magnatta's opinions. *See* ECF 30, PgID 1103. And Harris's contention that Dr. Magnatta's failure to report normal gait means that a report of normal gait "does not undermine his opinions" is unpersuasive. *Id.* at 1104. Dr. Magnatta indicated that Harris could only stand or walk for two to four hours per workday, and a report of normal gait contributes to the evidence that his conclusion is erroneous. Harris's arguments regarding (1) the magistrate judge's alleged failure to address the special considerations merited by a treating physician's opinion and (2) the magistrate judge's treatment of certain pieces of evidence when determining that the ALJ's

6

rejection of Dr. Magnatta's opinions was supported by substantial evidence are meritless.

Regardless, the Court agrees with the magistrate judge's determination that the ALJ's decision to reject Dr. Magnatta's opinions was supported by substantial evidence in the record. Dr. Magnatta's assessment is a checklist on which he checked that Harris could sit for only two to four hours per workday, could stand or walk for only two to four hours per workday, and would need a fifteen-minute break every hour. ECF 11-10, PgID 661–62. His only written additions to the checklist, however, are repeated statements that the limitations are based on "back pain." *Id.* And there is substantial evidence in the record supporting the ALJ's conclusion that Dr. Magnatta's conclusory limitations findings are contradicted by substantial evidence. Harris's EMG revealed only "isolated" "mild muscle membrane irritabilities." ECF 11-10, PgID 660. Her cervical spine and lumbar spine radiographs revealed only "[m]ild degenerative changes." ECF 11-7, PgID 310–11. With all included tests revealing only mild problems and no additional evidence supporting the extreme limitations in Dr. Magnatta's checklist assessment, a reasonable mind could accept the evidence as adequate to support the ALJ's rejection of Dr. Magnatta's opinions. The Court will therefore overrule Harris's first objection.

II. <u>Appointments Clause</u>

Second, Harris objects to the magistrate judge's recommendation that the Court find that Harris waived her Appointments Clause argument when she failed to raise it at the administrative level. ECF 30, PgID 1104–09. Harris is again merely

7

rehashing arguments she made prior to the Report. *See* ECF 18, PgID 749–50 (Harris's supplemental brief raising her Appointments Clause argument and specifically addressing the question of waiver). And regardless, her argument lacks merit. "[T]he majority, if not all, of the district courts to address [the] issue in the Sixth Circuit" and "[t]he overwhelming majority of district courts across the country to address [the] issue" have concluded "that a plaintiff forfeits an Appointments Clause argument by failing to raise it during administrative proceedings." *Hutchins v. Berryhill*, 376 F. Supp. 3d 775, 777–78 (E.D. Mich. 2019).

Contrary to Harris's contention, "*Freytag* did not create a categorical rule excusing Appointments Clause challenges from general waiver and forfeiture principles." *Id.* at 779 (citation omitted). And, like the plaintiff in *Hutchins*, Harris "makes no argument that the procedural posture or facts of [the] case render it equivalent to the 'rare' case contemplated in *Freytag*." *Id.* at 778–79. Harris argues only that social security cases as a category are the type of case contemplated by *Freytag*. ECF 30, PgID 1106. But the argument "that normal rules governing waiver and forfeiture ought not apply to Social Security cases" is precisely the argument that *Hutchins* rejected. *Hutchins*, 376 F. Supp. 3d at 779 (citation omitted).

Harris relies on the same Supreme Court and Sixth Circuit cases relied on by the plaintiff in *Hutchins*, and her argument fails for the same reasons articulated by the court in its opinion there. Neither *Sims v. Apfel*, 530 U.S. 103 (2000) nor *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669 (6th Cir. 2018) justify Harris's failure "to raise [her] Appointments Clause issue at *any* point during [her] administrative

8

proceedings." *Id.* (emphasis in original). *Sims* explicitly limits its holding to whether "a Social Security claimant, to obtain judicial review of an issue," must "not only . . . obtain a final decision on his claim for benefits, but also . . . specify that issue in [her] request for review by the Counsel," and notes that "[w]hether a claimant must exhaust issues before the ALJ is not before us." *Sims*, 530 U.S. at 107. Harris's reliance on *Sims* for the broader proposition that issue exhaustion requirements do not apply to social security cases is therefore misplaced. Like the plaintiff in *Hutchins*, Harris failed to raise her Appointments Clause argument at any point in the administrative process—distinguishing her from the plaintiff in *Jones Bros.*, who "raised, but did not develop" his claim before the administrative agency. *See Hutchins*, 376 F. Supp. 3d at 779 (citing *Jones Bros.*, 898 F.3d at 677). "It is axiomatic that 'a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal'" and Harris has not established an exception based on which the Court should permit her Appointments Clause argument to proceed here. *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 2012) (quoting *City of Riverview v. Surface Transp. Bd.*, 398 F.3d 434, 443–44 (6th Cir. 2005)). The Court will therefore overrule Harris's second objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Harris's objections. The Court finds Harris's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Harris's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Harris's Objections [30] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [29] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Harris's Motion for Summary Judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [14] is **GRANTED**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: August 28, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 28, 2019, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager