UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKY LYNN HARRIS,

            Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.

_____ /

Case No. 2:18-cv-11042
District Judge Stephen J. Murphy, III
Magistrate Judge Kimberly G. Altman

# REPORT AND RECOMMENDTION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

I.      Introduction

This is a Social Security case.  Plaintiff Vicky Lynn Harris (Harris) sued defendant, the Commissioner of Social Security (Commissioner), contending she was entitled to social security disability benefits.  Harris also argued that the Administrative Law Judge (ALJ) who presided over the hearing in her case was not constitutionally appointed and therefore a remand was required.  The district court rejected Harris's arguments and entered judgment in favor of the

1

Commissioner.  As will be explained, the Court of Appeals for the Sixth Circuit, following a decision from the Supreme Court, vacated the judgment and remanded for further administrative proceedings in the form of a new hearing before an Administrative Law Judge who has been constitutionally appointed.  (ECF No. 36).  Before the Court is Harris's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (EAJA) (ECF No. 41) which has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. 636(b)(1)(B).

For the reasons set forth below, notwithstanding Harris's success in obtaining a remand on the Appointments Clause issue, the Commissioner's position was "substantially justified" within the meaning of the EAJA. Accordingly, it is RECOMMENDED that Harris's motion (ECF No. 41) be DENIED.

## II.     Background and Procedural History

On December 28, 2016, following an administrative hearing, ALJ Patricia S. McKay issued a decision finding Harris not disabled within the meaning of the Social Security Act, and denying an award of benefits.  On March 12, 2018, the Appeals Council denied review.  Harris filed her complaint in this Court on March 30, 2018.

Harris filed her motion for summary judgment on July 23, 2018.  (ECF No. 13).  The Commissioner filed his summary judgment motion on November 5, 2018 (ECF No. 14), and Harris filed a reply brief on September 14, 2018.  (ECF No. 15).

On September 18, 2018, Harris filed a motion for leave to file a supplemental memorandum of law based on recent decisions of the Supreme Court in *Lucia et al. v. SEC*, –––– U.S. ––––, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018), and the Sixth Circuit in *Jones Brothers v. Sec'y of Labor*, 898 F.3d 669 (6th Cir. 2018).  (ECF No. 16).  In *Lucia*, the Supreme Court held that ALJs of the Security and Exchange Commission were "officers of the United States" within the meaning of the Appointments Clause of the Constitution, and since the ALJ who presided over an enforcement proceeding against the Petitioner was not constitutionally appointed, the Petitioner was entitled to a new hearing before a properly appointed ALJ.  (*Id.*, 138 S.Ct. at 2055-56).  In *Jones Brothers*, the Sixth Circuit, acknowledging the holding in *Lucia* from the previous month, found that the plaintiff had forfeited an Appointments Clause challenge to Mining Commission ALJs.  However, based on a provision of the Mine Act, 30 U.S.C. § 816(a)(a) that allows courts to excuse forfeiture "because of extraordinary circumstances," the Sixth Circuit vacated the Commission's decision and remanded for new proceedings.  (*Id.*, 898 F.3d at 677-79).  The Court granted Harris's motion for

leave to file a supplemental memorandum, (ECF No. 17), which she filed on September 25, 2018.  (ECF No. 18).

In her supplemental memorandum, Harris argued that on the basis of the Supreme Court's decision in *Lucia*, Social Security ALJs are subject to the Appointments Clause of the Constitution, and that ALJ McKay (along with other ALJs) should have been, but was not appointed by the President or affirmed by the head of the agency.  (ECF No. 18, PageID.747).  Harris further argued that under the Sixth Circuit's decision in *Jones Brothers*, the remedy was a *de novo* hearing before a properly appointed ALJ.  (*Id*.).  In response, the Commissioner argued that the Harris had forfeited her Appointments Clause claim because she failed to raise it at the administrative level.  (ECF No. 21, PageID.831-832).

On April 30, 2019, the magistrate judge to whom the case was previously referred issued a Report and Recommendation accepting the Commissioner's forfeiture argument and recommending that Harris's motion for summary judgment be denied as to the Appointment Clause issue as well as to Harris's underlying merits argument that the ALJ violated the treating physician rule.  (ECF No. 29).  The district court overruled Harris's objections and entered judgment in favor of the Commissioner.  In rejecting Harris's Appointments Clause argument on the basis of forfeiture, the district court held:

> [R]egardless, her argument lacks merit. '[T]he overwhelming majority
> of district courts across the country to address [the] issue' have
> concluded 'that a plaintiff forfeits an Appointments Clause argument
> by failing to raise it during the administrative proceedings.'

(ECF No. 32, PageID.1155)(*quoting Hutchins v. Berryhill*, 376 F. Supp. 3d 775,

777-78 (E.D. Mich. 2019)).

On appeal, the Sixth Circuit, consolidating Harris's case with five others,

reversed the Court in a 2-1 decision, holding "that a claimant does not forfeit an

Appointments Clause challenge in a Social Security proceeding by failing to raise

that claim before the agency." *Ramsey v. Comm'r of Soc Sec*, 973 F.3d 537, 547

(6th Cir. 2020), *cert den sub nom. Saul v. Ramsey*, No. 20-1044, 2021 WL

2194849 (U.S., June 1, 2021).

Subsequently, the Supreme Court in *Carr v. Saul*, 141 S.Ct. 564 (2021), held

that Social Security claimants do not forfeit their Appointments Clause challenges

by failing to raise them at the administrative level.  Following *Carr*, the

Commissioner did not oppose Harris's motion in the Sixth Circuit to issue the

mandate and remand the case.  (ECF No. 43, PageID.1219).  Following resolution

of the fee issue, the case will be remanded to the administrative level for *de novo*

proceedings before a constitutionally appointed ALJ.

### III.   Legal Standard

The EAJA is one of some 131 fee shifting statutes enacted by

Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986),

*abrogated on other grounds by Ne. Ohio Coal. for the Homeless (NEOCH) v.*

*Husted*, 831 F.3d 686 (6th Cir. 2016).  Specifically, 28 U.S.C. § 2412(d)(1)(A)

provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

The question of whether the position of the United States was

"substantially justified" is answered with respect to not only the civil action, but

the administrative decision upon which the civil action is based:

> (D) 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based....

28 U.S.C. § 2412(d)(2)(D).

 Substantial justification under the EAJA is defined as "justified in substance

or in the main—that is, justified to a degree that could satisfy a reasonable person."

*Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490

(1988). The government bears the burden of proving substantial justification.

*DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, 726 (6th Cir. 2014).

## IV.    Analysis

In seeking $24,075.55 in attorney fees (based on 126.05 attorney hours at an hourly rate of $191.00), [1] Harris contends that the Commissioner "cannot prove the defense of special circumstances" or "substantial justification" under 28 U.S.C. § 2412(d)(1)(A). (ECF No. 41, PageID.1188).  The Commissioner does not dispute that Harris is a prevailing party.  Rather, he argues that his litigation position regarding forfeiture of the Harris's Appointments Clause claim was substantially justified. [2] (ECF No. 43).

---

[1] Because the Commissioner's position is substantially justified, the undersigned does not reach the question of whether Harris's fees are reasonable.

[2] Harris devotes a lengthy portion of her reply brief arguing that the Commissioner has waived the statutory defense of "special circumstances" that would make an award of fees unjust.  This is apparently based on her theory that the "SSA's 'substantial justification' defense is actually a special circumstances defense-a defense which SSA has specifically indicated it is not asserting." (ECF No. 44, PageID.1232).  Confusingly, Harris goes on to state, "Overall, SSA's (sic) offers a [defective] special circumstances defense but disavows that defense in support of a substantial justification argument which the Agency never actually makes." (*Id.*, PageID.1234).  To the contrary, the Commissioner's  response to Harris's motion is expressly premised on the argument that the Commissioner's position was substantially justified.  (ECF No. 43, PageID.1219-1230).  It should be noted that § 2412(d)(1)(A) is phrased in the disjunctive: EAJA fees are to be awarded "unless the court finds the position of the United States was substantially justified *or* that special circumstances make an award unjust." (Emphasis added).  Logically, the question of "special circumstances" would arise only if the Court found that the government's position was *not* substantially justified.  Again, the only issue in this motion is whether the Commissioner's position was substantially justified.

7

The Sixth Circuit in *Ramsey, supra,* 973 F.3d 537 (6th Cir. 2020), rejected
the Commissioner's position on forfeiture and the Supreme Court in *Carr* resolved
the Circuit split adversely to the Commissioner's position.  But while that makes
the Harris a prevailing party, it does not automatically follow that the
Commissioner's litigation position was not substantially justified.  As the Supreme
Court noted in *Pierce*:

> But a position can be justified even though it is not correct, and we
> believe it can be substantially (*i.e.,* for the most part) justified if a
> reasonable person could think it correct, that is, if it has a reasonable
> basis in law and fact.

*Id*., 487 U.S. at 565, n. 2. *See also Ratliff v. Comm'r. of Soc. Sec.*, 465 F. App'x
459, 460 (6th Cir. 2012)(*citing Couch v. Sec'y of Health & Human Servs.,* 749
F.2d 359, 360 (6th Cir. 1984)).  And in *Griffith v. Comm'r. of Soc. Sec.*, 987 F.3d
556, 563–64 (6th Cir. 2021), the Sixth Circuit, quoting *Taucher v. Brown-
Hruska,* 396 F.3d 1168, 1174 (D.C. Cir. 2005), stated that "a loss on the merits
does not mean that legal arguments advanced in the context of our adversary
system were unreasonable," adding, "we distinguish between cases in which the
government lost because it vainly pressed a position flatly at odds with the
controlling case law and cases in which the government lost because an unsettled
question was resolved unfavorably."  *Id*.

For purposes of the EAJA in the present case, it is important to understand
that the issue of whether the government's litigation position was substantially

justified is determined not in relation to whether the ALJ was properly appointed, but with respect to the narrower question of whether Harris forfeited the Appointments Clause argument by failing to raise it at the administrative level. [3] The Commissioner did not have an obligation to raise the issue *sua sponte* at the time of the administrative hearing in 2016. The Supreme Court's decision in *Lucia* and the Sixth Circuit's opinion in *Jones Brothers*, on which Harris based her supplemental memorandum, were not decided until 2018. *Lucia* was not decided until June 21, 2018, more than three months after the Appeals Council denied review on March 12, 2018. SSR 19-1p, which provides for Appeals Council review of Appointments Clause challenges, was not issued until March 5, 2019.[4]

---

[3] The issue of whether the Commissioner's position was substantially justified with respect to whether the ALJ's decision was based on substantial evidence or whether the treating physician rule was followed is not before the Court. As the Commissioner points out, "the Sixth Circuit did not address the issue because Harris voluntarily withdrew her challenge to the merits of the ALJ's underlying disability determination." (ECF No. 43, PageID.1229). Harris has not presented any argument here regarding the ALJ's underlying decision.

[4] SSR 19-1p states,

> This ruling explains how we will adjudicate cases pending at the Appeals Council in which the claimant has raised a timely challenge to the appointment of an [ALJ] under the Appointments Clause of the United States Constitution in light of the Supreme Court's recent 2018 decision in Lucia v. SEC.

2019 WL 1324866 at *1 (March 15, 2019).

As to the Commissioner's litigation position following a final administrative decision, Harris filed her complaint in this Court on March 30, 2018, again before *Lucia* was decided.  As noted above, in ruling against Harris on this issue, the district court recognized that the majority of district courts had similarly concluded that the Appointments Clause issue is waived if not raised at the administrative level.  *See* ECF No. 32, PageID.1155.  In *Ramsey*, the Sixth Circuit observed that this was a question of first impression in this Circuit, and noted that there was disagreement between other circuits:

> In *Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), the Third Circuit held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings. *Id.* at 159. Recently, the Tenth and Eighth Circuits disagreed with *Cirko* in *Carr  v. Commissioner of Social Security*, 961 F.3d 1267 (10th Cir. 2020), and *Davis v. Commissioner of Social Security*, 963 F.3d 790 (8th Cir. 2020).

*Ramsey*, 973 F.3d at 547.

Thus, in a case where there was no Sixth Circuit precedent at the time, the Commissioner took a legal position that was supported by the Tenth and Eighth

---

Harris did not raise a timely challenge in the Appeals Council, and in fact her case was pending in this Court at the time SSR 19-1p was issued.  Therefore, as the Commissioner states in his sur-reply, the Ruling "is again inapposite because *her case* did not meet the threshold criterion for the ruling to apply - it was not pending at the Appeals Council."  (ECF No. 47, PageID.1259)(emphasis in original).  Thus, Harris's argument that "[i]t was unreasonable for SSA to continue to defend this case after the Agency issued SSR 19-1p" must be rejected.  (ECF No. 44, PageID.1241-1242).

Circuits, as well as numerous district court cases, including cases from this district. *See, e.g., Page v. Comm'r. of Soc. Sec.*, 344 F Supp 3d 902, 905 (E.D. Mich. 2018). Although the Sixth Circuit ultimately rejected the Commissioner's argument, the decision was 2-1, with Judge Siler dissenting. *See Ramsey*, 973 F.3d at 547–48. While this in itself is not dispositive, it supports a finding that the Commissioner's position was substantially justified. *See Griffin*, 973 F.3d at 547-48. Under these circumstances, it cannot be said that the Commissioner's legal arguments were not substantially justified.

Courts in other districts have similarly concluded that the Commissioner's position was substantially justified. In *McCrary-Banister v. Saul*, SA-19-CV-00782, 2021 WL 3494606, at *3 (W.D. Tex., August 9, 2021), the district court rejected an EAJA fee application based on the Appointments Clause issue, explaining that the government's position is substantially justified when it provides viable support for an unsettled question of law:

> The government's position can be substantially justified when the status of law is unsettled, in flux, or one of first impression on a novel and difficult issue because the EAJA was in part designed to ensure the government is not deterred from advancing in good faith novel, but credible interpretations of the law. *See Griffon v. U.S. Dep't of Health & Hum. Servs.*, 832 F.2d 51, 52–53 (5th Cir. 1987). Because this issue was one of unsettled [*sic*] before the Supreme Court issued its decision in *Carr* on April 22, 2021, this Court finds that the Commissioner's legal position had a reasonable basis in law and fact during the pendency of this action. Reasonable minds, as evidenced by the split in the federal district and Circuit Courts, could and did reach different conclusions. The Court concludes that the Commissioner's position was

not unreasonable because he cited potentially unpersuasive authority to support what was at the time a viable legal theory, and therefore the Commissioner has demonstrated substantial justification for his legal position.

Likewise in *Dove-Ridgeway v. Saul*, No. 19-cv-00035, 2021 WL 1827206, at *7 (D. Del., May 7, 2021), a magistrate judge recommended that the plaintiff's motion for attorney fees be denied, concluding that the Commissioner's position was substantially justified because:

> (1) there is no dispute plaintiff did not raise her Appointments Clause challenge during the administrative proceedings; (2) many courts have agreed with the Commissioner's position and found SSA claimants waived an Appointments Clause challenge if the plaintiff did not raise the issue during the administrative proceeding; and (3) there is a reasonable connection between the fact plaintiff did not raise a challenge and the government's theory that such failure resulted in forfeiture of that challenge in federal court.

*See also Flynn v. Saul*, No. 19-0058, 2021 WL 2577146 (E.D Pa., June 22, 2021) (denying motion for attorney fees under EAJA because Commissioner's position on the Appointments Clause issue was substantially justified).[5]

---

[5] In his response, the Commissioner cites a number of other cases from the Eastern District of Pennsylvania where the courts found his position was substantially justified and denied attorney fees. (ECF No. 43, PageID.1227). In her reply, Harris cites Eastern District of Pennsylvania decisions that go the other way. (ECF No. 44, PageID.1242). However, this further demonstrates that prior to *Carr*, the forfeiture issue was "far from clear and presented a close question of law." *Morgan*, 142 F.3d at 688.

In her reply brief, Harris concedes that there were numerous cases supporting the Commissioner's position, stating that "the Agency was initially able to get quite a number of district courts around the country, including this one, to rule that disability claimants had 'forfeited' their constitutional right by not affirmatively invoking them at their ALJ hearings."  (ECF No.44, PageID.1235). She then argues that "[t]his crucial point, at the very center of SSA's litigation strategy, was a misrepresentation of the law offered solely to achieve the Agency's desired result."  (*Id.*, PageID.1236).  Therefore, Harris argues, "The Agency's string of successes were all premised upon an argument that was then and is now absolutely false…No, the Agency was not substantially justified in misleading this Court or any of the other courts where it obtained ill-gotten victories."  (*Id.*, PageID.1236).

First, this is nothing more than an argument that because the Commissioner's position on forfeiture was ultimately rejected by the Sixth Circuit and the Supreme Court, it could not have been substantially justified.  That argument stands at odds with the clearly established principle that "a position can be justified even though it is not correct…."  *Pierce*, 487 U.S. at 565, n. 2.  Second, federal judges at all levels have skill and experience in analyzing legal issues and determining which arguments are "absolutely false" (*i.e.*, lack merit) and which are

not.  The suggestion that the many cases supporting the Commissioner's position were the result of federal judges being misled on the law is not well-taken.

There is an important difference between making a supportable legal argument where there is a divergence of opinion, and intentionally misstating or concealing facts.  The Commissioner's arguments in this case were purely legal in nature, and at no time did he falsify the facts before either this Court or the Sixth Circuit.

Harris also argues in her reply brief that because there was a constitutional violation, "a presumption that the government was not substantially justified in violating the claimant's constitutional rights arose."  (*Id*., PageID.1237).  This is a misstatement of the law and is not supported by the cases that Harris cites in support.  For example in *Yang v. Shalala*, 22 F.3d 213 (9th Cir.1994), the Ninth Circuit found that the plaintiff's due process rights were violated because the ALJ did not base his decision on evidence adduced at the hearing and considered uncorroborated evidence in violation of SSA regulations.  Unlike the present case, *Yang* was based on the ALJ's flawed fact-finding and did not involve the resolution of unsettled principles of law.

In *Morgan v. Perry*, 142 F.3d 670, 690 (3rd Cir. 1998), the plaintiff's due process rights were violated during a proceeding under the Uniform Code of Military Justice.  The Third Circuit observed that the prosecutor "conducted

himself in a manner that violated rights afforded under the very constitution he had

sworn to uphold as an attorney and as an officer in the Marine Corps." (including

knowingly making false statements to the Court).  *Id.*, at 684.  However, the issue

before the Third Circuit was not the underlying prosecutorial misconduct and the

making of false statements, but the legal question of whether under the EAJA the

defendant was substantially justified in making the argument that the Court lacked

jurisdiction.  The Third Circuit affirmed the district court's decision that the

defendant's legal position, though ultimately unsuccessful, was substantially

justified, and presented a "close question of law:"

> Morgan argues that the government's repeated attacks on the
> jurisdiction of the district court in his merits suit demonstrate the
> complete lack of justification for the government's litigation position.
> We disagree. The government argued that Morgan's complaint failed to
> assert any waiver of its sovereign immunity. Absent such waiver,
> Morgan could not bring an action against his superior officers. In its
> EAJA opinion, district court indicated that its jurisdiction to hear
> Morgan's claims was 'far from clear and presented a close question of
> law" and noted that the jurisdictional issue presented a "substantial
> question of law.' Dist. Ct. EAJA Opn. at 6 and n. 4. Further, the district
> court noted that 'government counsel would have been remiss in not
> strenuously pursuing its argument that [the] court lacked jurisdiction to
> hear [Morgan's] claims.'

*Id.*, at 688 (bracketed text in original).

 As in *Morgan*, the Commissioner's position in the present case involved a

legal argument that the Sixth Circuit in in *Ramsey* acknowledged was a case of first

impression in this Circuit, and thus presented a "substantial question of law."

## V.     Conclusion

For the reasons set forth above, the undersigned concludes that that the Commissioner's litigation position was substantially justified.  Accordingly, it is RECOMMENDED that Harris's Motion for Attorney's Fees under the EAJA (ECF No. 41) be DENIED.


Dated: August 17, 2021                        s/Kimberly G. Altman____
Detroit, Michigan                              KIMBERLY G. ALTMAN
                                               United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2021.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Acting in the absence of
Case Manager Marie E. Verlinde