UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKY LYNN HARRIS,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

_____/

Case No. 2:18-cv-11042

HONORABLE STEPHEN J. MURPHY, III

## ORDER OVERRULING OBJECTIONS [49], ADOPTING REPORT AND RECOMMENDATION [48], AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES [41]

Plaintiff moved for attorney fees under the Equal Access to Justice Act. ECF 41. The Court referred the matter to Magistrate Judge Kimberly G. Altman. ECF 42. The magistrate judge issued a Report and Recommendation ("Report") that suggested the Court deny the motion. ECF 48. Plaintiff timely objected to the Report. ECF 49. After examining the record and considering Plaintiff's objections de novo, the Court finds that the arguments and objections lack merit. Accordingly, the Court will adopt the Report's findings and deny Plaintiff's motion for attorney fees.

## BACKGROUND

The Report properly details the events prompting Plaintiff's motion for attorney fees. ECF 48, PgID 1264–67. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

The first two objections hinge on the same analysis. Plaintiff claimed that the magistrate judge erred in her Report because the Social Security Administration ("SSA") was not substantially justified in several steps of the litigation. ECF 49, PgID 1280–83. The objections are rehashed from the arguments before the magistrate judge. *See Hofer v. Comm'r of Soc. Sec.*, No. 17-12526, 2018 WL 4568805, at *1 (E.D. Mich. Sept. 24, 2018); *compare* ECF 44, PgID 1234–35, 1238–41 *with* ECF 49, PgID 1281–83. Besides rehashing arguments, the objections failed to identify a specific flaw in the Report. *See Noto v. Comm'r of Soc. Sec.*, No. 13-12277, 2015 WL 630785, at *2 (E.D. Mich. Feb. 12, 2015) ("Overly general objections do not satisfy an objecting party's obligation to find the particular findings that are claimed to be in error and the discrete issues that the party wishes to raise.") (cleaned up). If Plaintiff objected

that the Report glossed over some of her arguments, the objection still fails. The Report need not address every issue raised by Plaintiff; it need only "review[] and consider[] each major, relevant, and well-articulated contention." *Ivy v. Sec'y of Health & Hum. Servs.*, 976 F.2d 288, 289 (6th Cir. 1992). And the Report considered the forfeiture issue at length. ECF 48, PgID 1270–73. What is more, the SSA did not misrepresent the law. Rather, the SSA chose one side of a Circuit split that the Supreme Court ultimately reversed. *Id.* at 1272–73 (citing *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 547 (6th Cir. 2020)). Because of the Circuit split and because the SSA did not misrepresent the law—it merely chose the losing argument—the Court will overrule the objection. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) ("[A] position can be justified even though it is not correct.").

Next, Plaintiff objected that the Report failed to address whether the SSA falsely argued that its regulations created a forfeiture issue exhaustion rule. ECF 49, PgID 1283–84. But the argument is misleading. As the Report detailed, "[t]he Commissioner's arguments in this case were purely legal in nature, and at no time did he falsify the facts before either this Court or the Sixth Circuit." ECF 48, PgID 1276. The objection is therefore denied.

Last, Plaintiff objected that the Report failed to address that the SSA offered a "special circumstances defense" and not a "substantial justification defense." ECF 49, PgID 1284–86. But the objection lacks merit because the Report noted that Plaintiff mischaracterized the SSA's defense. ECF 48, PgID 1269 n.2; *see* ECF 43, PgID 1219–30. At any rate, the Report found the SSA had a valid substantial

justification defense and thus "the question of 'special circumstances' would arise only if the Court found that the government's position was not substantially justified." ECF 48, PgID 1269 n.2 (emphasis omitted). The magistrate judge therefore sufficiently addressed and properly rejected the rehashed argument in the Report. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at \*2 (E.D. Mich. Aug. 31, 2017). As a result, the Court will overrule the fourth objection.

## CONCLUSION

The Court has carefully reviewed Plaintiff's motion, the Report, and Plaintiff's objections. The Court finds Plaintiff's objections unconvincing and agrees with the Report's recommendation to deny the motion for attorney fees.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's objections [49] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [48] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorney fees [41] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 3, 2021

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 3, 2021, by electronic and/or ordinary mail.

s/David P. Parker_____
Case Manager